UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SEAN STEPHEN,

                          Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer Syed Huda (Shield No. 4469), Police Officer Christopher Hassan (Shield No. 4075), Sergeant Anthony Bertram (Shield No. 277) and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13-CV-5365 (NG)(RER)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff SEAN STEPHEN ("plaintiff" or "Mr. Stephen") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Polices Officer Syed Huda, (Shield No. 4469); Police Officer Christopher Hassan, (Shield No. 4075); and Sergeant Anthony Bertram, (Shield No. 277); at all times relevant herein, were officers, employees and agents of the NYPD. Defendant Huda, Hassan and Bertram are sued in their individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 4:30 p.m. on December 12, 2012, plaintiff was lawfully within his home located at 1316 Sterling Place, Brooklyn, NY.

14. Plaintiff's family owns and resides in the building.

15. Several New York City Police Officers including defendants Huda, Hassan and Bertram forced their way into the building without consent.

16. The officers approached plaintiff's brother, Anthony Stephen's, apartment and pushed their way through his door.

17. Plaintiff explained to the officers that Anthony Stephen's is chronically ill, and could not tolerate this trauma.

18. Moreover, plaintiff told the officers that they could not enter without permission or a warrant.

19. The officers claimed that they received a call from within the building.

20. At no time did anyone from within the building call the police.

21. Plaintiff demanded to see the officers' shield numbers, but the officers refused.

22. One of the officers told plaintiff that if he wanted their badge numbers, they were going to arrest him.

23. Several officers, including Huda, Hassan and Bertram then grabbed plaintiff, threw him again the wall and used excessive force to drag plaintiff from his residence.

24. Once outside, the officers threw him against the police car.

25. The officers had placed handcuffs on plaintiff excessively tightly, and they refused to loosen them despite plaintiff's pleas.

26. Despite the fact that there was no probable cause to believe that plaintiff had committed any crimes or offenses, the officers placed plaintiff under arrest.

27. Plaintiff was taken to a police precinct and placed in a holding cell.

28. At the precinct, defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit crimes and/or offenses.

29. At no point did the officers observe plaintiff commit any crimes or offenses.

30. Plaintiff was transported to Brooklyn Central Booking.

31. He was then arraigned in Kings County Criminal Court where the charges against him were adjourned in contemplation of dismissal.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## Notice of Claim

33. With respect to plaintiff's claims arising under state law, a Notice of Claim was duly and timely served on the Comptroller of the City of New York within ninety (90) days of the accrual of the cause of action alleged in this Complaint.

34. At least thirty (30) days have elapsed since the Notice of Claim was served, and defendant CITY has neglected and/or refused to make adjustment, settlement or payment with respect to the injuries complained of.

35. This action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which the claims are based.

## FIRST CLAIM
## 42 USC § 1983

36. Plaintiff repeats and re-allege each and every allegation as if fully set forth herein.

37. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

33. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### False Arrest State Law Claims

42. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

43. On December 12, 2012, plaintiff SEAN STEPHEN was taken into custody against his will by the Huda, Hassan and Bertram and the Doe defendants, acting within the scope of their employment and under color of state law.

44. On December 12, 2012, there existed no probable cause that plaintiff SEAN STEPHEN had committed any crime or offense.

45. On December 12, 2012, plaintiff SEAN STEPHEN was aware of his arrest and at no time consented to his arrest.

46. The conduct of Huda, Hassan and Bertram and the Doe defendants was wanton, willful and reckless and in total disregard for the federal and state law as to warrant the imposition of punitive damages.

## FIFTH CLAIM
### Unreasonable Force

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

49.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and battery

50.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

51.     On December 12, 2012, Huda, Hassan and Bertram and the Doe defendants, acting within the scope of their employment and under color of state law, intentionally and willfully placed plaintiff SEAN STEPHEN in fear of harmful physical contact, and did subject him to such harmful physical contact.

52.     The actions of Huda, Hassan and Bertram and the Doe defendants were unjustified and unnecessary in the performance of their duties and were unreasonable and unwarranted.

53.     The actions of Huda, Hassan and Bertram and the Doe defendants constituted unlawful assaults and batteries upon plaintiff SEAN STEPHEN.

54.     The conduct of Huda, Hassan and Bertram and the Doe defendants was wanton, willful and reckless and in total disregard for the federal and state law as to warrant the imposition of punitive damages.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The individual defendants created false evidence against Plaintiff.

57. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

58. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Malicious Abuse Of Process

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. The individual defendants issued legal process to place plaintiff under arrest.

62. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

63. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

64. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

68. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Hiring, Training, Promotion and Retention

69. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

70. The actions of Huda, Hassan and Bertram and the Doe defendants were

the result of a policy and custom of defendants CITY and NYPD of failing to hire, train, promote and retrain police officers properly.

71.     Defendants CITY and NYPD, as a matter of policy and practice, has with deliberate indifference, failed to sanction or discipline police officers who use conduct illegal searches, execute arrests without probable cause, or misrepresent facts to the District Attorney.

72.     Defendants CITY and NYPD were negligent in the hiring, training, supervision, discipline and control of the Huda, Hassan and Bertram and the Doe defendants, whose conduct is complained of herein.

73.     Defendants CITY and NYPD were careless in failing to have in place, policies, procedures, rules and regulations to prevent the type of inappropriate conduct complained of herein and in failing to terminate it swiftly, and in having policies which encouraged said conduct, and/or in failing to adhere to existing policies, procedures, rules and regulations.

74.     Defendants CITY and NYPD were negligent in employing and retaining dangerous, incompetent and dishonest police officers, whom they knew or should have known were dangerous and a menace to the community, residents and in particular the plaintiff.

75.     Said policies, practices and customs of City, complained of, as well as the omissions aforesaid, deprived the plaintiff of his rights and immunities secured by the

Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   March 10, 2014
         New York, New York

_____
Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*